Mani-.y, J.
The caso depends upon the construction oí the devise to William Currie : and the question is what is the true meaning and intent of the condition upon which his takifg the estate :n made to depend. ,
Wo are satisfied (iie return to the county ofhis son which the testator had hi his mind, tras a return as c. resident— othnwise it is difficult, to conceive why he should have stipulated for a return at ai). If he had meant it as a personal advancement, it would have been more germnin to his object to have given it absolutely upon the condition of his surviving him.
The main object of th<j tos hi tor, seems to have been to make provision for lib w n‘s iam ly. This he desired to do through the son, for reas.-i s oi mutual.benefit; and therefore he'stipulated fuf his return to the county;,for his return to it as his domicil; -whereby his children would become subject to ho caro, and be be in a condition to attend to their education and maintenance. It could not have en *211 tered into bis contemplation that his son might come into the county, make sale of Ms estate, and then return with the proceeds to his former retreat. Such a return would not at all advance what wo have supposed to be the principal object of the testator.
In further support of the view we h^ve taken j it may be remarked that the testator in making provision for this branch of-his family, gives the land to the son, and the personalty to his children, suggesting by this arrangement, an expectation and desire, that there should be a common possession and'enjoyment.
The question as to the time within which the condition.' should bo performed, we have not thought it necessary to consider. Our opinions upon the first point, dispose of the case, and-we decline going into the other. *
The judgment of the Superior Court should be reversed and a judgment entered for the defendant.